UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Law Firm of Gregory Kuczinski, Esq., P.C. Gregory Kuczinski, on behalf of HBC Holdings, LLC, Raymond Faroudi, A1 Mining, and Lino E. Dumani, | Civil Action No. _____ |
| Plaintiff(s), | COMPLAINT |
| v. | |
| The Kurland Law Group, as escrow agent, Kurland Law Group, The Kurland Law Group, and Sari K. Kurland, in her individual capacity, Attorney Grievance Commission Of Maryland Office of Bar Counsel, as a nominal defendant, | |
| Defendant(s). | |

Plaintiffs, The Law Firm of Gregory Kuczinski, Esq., P.C. Gregory Kuczinski, on behalf of HBC Holdings, LLC, Raymond Faroudi, A1 Mining, and Lino E. Dumani, by and through their Attorneys, Menicucci Villa Panzella Calcagno, PLLC for and by their complaint against Defendants, The Kurland Law Group, as escrow agent, Kurland Law Group, The Kurland Law Group, Sari K. Kurland, in her individual capacity and the Attorney Grievance Commission Of Maryland Office of Bar Counsel, as a nominal defendant, alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff, The Law Firm of Gregory Kuczinski, Esq., P.C. ("Gregory") entered into a "Private Escrow Agreement" (the "Agreement") (Exhibit "A") for purposes of transacting business on behalf of Gregory's clients, HBC Holdings, LLC, Raymond Faroudi, A1 Mining, and Lino E. Dumani (the "Clients") with the Defendant, The Kurland Law Group ("Kurland") of which the Defendant, Sari Karson Kurland a/k/a Sari K. Kurland ("Kari") is its principle (herein collectively referred to as the "Defendants").

In accordance with the Agreement Gregory wired the Funds to The Kurland Law Group, as escrow agent. The Funds were to be held by the Defendants for the purpose of transacting on behalf of the Clients. Instead of the Defendants holding the Company's Funds, the Defendant, specifically, Sari converted, misappropriated, used the Funds for her personal usage.

On or about February 5, 2024 a Temporary Restraining Order and Preliminary Injunction By Consent was signed by the Circuit Court of Montgomery County Maryland, prohibiting Sari Karson a/k/a Sari K. Kurland from practicing law, having any access to her Attorney Trust Accounts or attorney operating accounts, as well as the opening of any new ones.  A Conservator will be taking over her cases and accounts.

This action seeks an Order authorizing the Conservator, the Attorney Grievance Commission of Maryland Office of Bar Counsel and/or any governing body having jurisdiction over Attorney escrow funds and records to release the sum of $250,000.00 or the maximum amount allowed by law to Plaintiff.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, The Law Firm of Gregory Kuczinski, Esq., P.C. (the "Law Firm") is a Professional domestic corporation.

2. Gregory Kuczinski is the Managing Partner of the Law Firm.

3. HBC Holdings, LLC, is a foreign corporation authorized to conduct business in the State of New York.

4. Raymond Faroudi is the Managing Member of HBC

5. A1 Mining is a is a domestic corporation with offices in the City and State of New York, County of New York.

6. Lino E. Dumani is the President of A1 Mining.

7. Upon information and belief, the Kurland Law Group is a Professional Corporation authorized to transact business in the State of Maryland.

8. Upon information and belief, the Kurland Law Group is a Professional Limited Liability Company authorized to transact business in the State of Maryland.

9. The Kurland Law Group is a Law Firm located in the City of Rockville, County of Montgomery, State of Maryland.

10. Upon information and belief, Sari Karson Kurland a/k/a Sari K. Kurland is a resident of the State of Maryland.

11. Upon information and belief Sari Karson Kurland, a/k/a Sari K. Kurland is an attorney at law duly admitted to practice law in the state of Maryland.

12. The Attorney Grievance Commission Of Maryland Office of Bar Counsel is named herein as a nominal defendant.

13. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) (diversity) because Plaintiff and Defendants are citizens and/or domiciled in different states.

14. The amount in controversy exceeds the sum or value of $75,000.00

15. Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to Gregory's claims. *See* 28 U.S.C. § 1391(b).

16. This Court may exercise personal jurisdiction over Sari Kurland, The Kurland Law Group because they transacted business within the State—specifically with Gregory—and this action arises out of that business. The Agreement was entered into in New York and contemplate Gregory's performance thereunder in New York.

**GENERAL ALLEGATIONS**

17.   HBC Holding, LLC, Raymond Faroudi, A1 Mining and Lino E. Dumani are clients of Gregory (collectively referred to as the "Clients").

18.   Raymond Faroudi on behalf of HBC Holding wired the Funds to A1 Mining and Lino E. Dumani.

19.   Lino E. Dumani on behalf of A1 Mining wired the Funds to Gregory's Escrow account to be used for purposes set forth below.

20.   On or about August 23, 2023 Gregory, as attorney for the Clients and Kurland executed the Agreement.

21.   The purpose of the agreement was for the Defendants to act as escrow agent for purposes of holding the Company Assets (Funds) on the terms and conditions set forth herein (Sec. 1 of the Agreement).

22.   The assets and funds were to be held for the purpose of transacting on behalf of the Company ("Gregory"), subject to supplemental invoice for each transaction and approved by the Company and the Company's purchase agreement (Sec. 1 of the Agreement).

23.   The Agreement was to be used as a mechanism for persons transacting business with the Company. These persons were to make payments to the Kurland Law Group's escrow account.

24.   The Defendants were provided with a 24-hour timeframe (the "timeframe") to transact business on behalf of Gregory and its clients.

25.   In the event the Defendants failed to transact business within this timeframe, they were required to return the Funds.

26.   The Defendants failed to perform within the timeframe.

27.    Gregory's clients, Raymond Faroudi and Lino E. Dumani both, on behalf of their respective corporations requested a return of the Funds.

28.    Having not received the funds, Gregory made several attempts to contact the Defendants. He received no response.

29.    Gregory then contacted the Attorney Grievance Commission of Maryland. Their office opened an investigation into the matter and learned that the Defendant, specifically Sari absconded with the Funds.

30.    Gregory is therefore entitled to a return of his clients Funds in the amount of $250,000.00, an amount that remains unpaid.

## COUNT I – BREACH OF FIDUCIARY DUTY

31. Gregory repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "23" of the within complaint with the same force and effect as if fully set forth at length herein.

32. At all relevant times, Defendants has an obligation as an escrow agent to conduct herself as an independent third party in charge of holding the assets and Funds in escrow until the terms of the Agreement were fulfilled in the terms and conditions established by the parties in the Agreement.

33. As the escrow agent, Defendants were to strictly comply with the instructions set by the parties affected by the Agreement.

34. As the escrow agent, Defendants have fiduciary duties which include but are not limited to comply with the escrow instructions, not utilize the funds for self-dealing.

35. Defendants have a fiduciary duty and are required to deal with Gregory and his clients using the utmost good faith. Defendants breached this fiduciary duty and have converted the funds to their own use.

36. Plaintiff has been damaged in the amount of $250,000.00 plus losses Gregory's clients incurred as a result of their breach of fiduciary duty.

## COUNT II – BREACH OF CONTRACT

37. Gregory repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "29" of the within complaint with the same force and effect as if fully set forth at length herein.

38. On or about August 23, 2023, the Plaintiff and the Defendants entered into the Agreement where the Defendants were to act as "Escrow Agents."

39. Defendants were to hold in their escrow account the sum of $250,000.00 which was to be used to transact business on behalf of Gregory and his clients.

40. The Defendants, as escrow agents, were not to release any funds deposited without prior written direction or approval from Greg or his clients.

41. Defendants released all the funds without any direction or approval from Greg or his clients and said funds were used for Defendants personal gain.

42. As a result of the foregoing, Gregory and Defendants entered into a valid and binding contract-specifically, the Agreement.

43. Gregory performed any and all conditions of the Agreement and seeks payment under the terms therein.

44. Defendants are indebted to Gregory for payment under the Agreement in the amount of $250,000.00.

45.  Although Gregory has demanded payment, Defendants have failed and refused to return the Funds.

46.  Plaintiff has been damaged in the amount of $250,000.00 due to Defendants breach of the Agreement.

## COUNT III – CONVERSION

47. Gregory repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "39" of the within complaint with the same force and effect as if fully set forth at length herein.

48. The Defendants wrongfully exercised control over the Funds, by wrongfully converting them to their own use, despite such funds being the rightful property of the Plaintiff.

49. The Plaintiff had a right to possess the Funds, and to utilize them for the purpose set forth in the Agreement.

50. That the Defendants substantially interfered with the Plaintiff's property by knowingly and/or intentionally taking possession of the Funds, and converting them to their own use, and retaining them.

51. The Defendants refused to return the Funds after demand was made upon them to do so.

52. The Plaintiff did not consent to the Defendants actions.

53. The funds converted by the Defendants were earmarked for the purpose of transacting business on behalf of Gregory's clients.

54. Due to the Defendants conversion of the Funds, Plaintiff has sustained damage in an amount no less than $250,000.00.

## COUNT III – CONVERSION

55. Gregory repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "47" of the within complaint with the same force and effect as if fully set forth at length herein.

56. Defendants' actions of willful, malicious and egregious conduct, Plaintiff was compelled to commence litigation to recover the Funds.

57. As a result of the foregoing, Plaintiff is entitled to attorney's fees and costs, which cannot be determined at this time but are expected to exceed $50.000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a)   An Order authorizing the Conservator, the Attorney Grievance Commission of Maryland Office of Bar Counsel, as nominal defendant and/or any governing body having jurisdiction over Attorney escrow funds and records to release the sum of $250,000.00 or the maximum amount allowed by law to Plaintiff; and

b)   On the First Cause of Action, Breach of Fiduciary Duty, the sum of $250,000.00; and

c)   On the Second Cause of Action, Breach of Contract, judgment against the Defendants in the amount of $250,000.00; and

d)   Interests, costs, disbursements, and attorneys' fees; and

e)   Granting such other relief as may be proper.

## DEMAND FOR JURY TRIAL

Dated: Staten Island, New York
        February 8, 2024

MENICUCCI VILLA PANZELLA CALCAGNO, PLLC

BY: *Joseph R. Costello*

JOSEPH R. COSTELLO, ESQ.
ATTORNEYS FOR PLAINTIFF
2040 VICTORY BOULEVARD
STATEN ISLAND, N.Y.10314
(718) 667-9090
JCOSTELLO@MVPCLAW.COM